## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                       )
THERON WHITE,            )
                       )
        *Plaintiff*     )
                       )
v.                     )
                       )
JOSEPH GALLARELLI A SERGEANT OF)
THE CITY OF BOSTON AND     )
INDIVIDUALLY, DARIO FANCELLI A  )     CIVIL ACTION NO.:
POLICE OFFICER OF THE CITY OF   )
BOSTON AND INDIVIDUALLY,    )
RICHARD L. MEDINA A POLICE    )
OFFICER OF THE CITY OF BOSTON  )
AND INDIVIDUALLY, JOHN DOES   )
POLICE OFFICERS OF THE CITY OF  )
BOSTON AND INDIVIDUALLY,    )
                       )
        *Defendants*   )
_____)

## COMPLAINT AND JURY CLAIM

### INTRODUCTION

1.     This is a civil rights lawsuit brought by the Plaintiff, who is a victim of police brutality. On or about January 12, 2009 the Defendants, who are Boston police officers attacked the Plaintiff and used excessive force without justification causing the Plaintiff severe injuries. During a disruption at the Jeremiah E. Burke High School, the Plaintiff exited the high school toward Geneva Avenue, Dorchester, MA.  The Defendant Boston police officers were responding to the high school as a result of the disruption.  The Defendant police officers saw the Plaintiff exit the high school, stopped, and handcuffed him.  They then began to punch, kick and beat the Plaintiff.  Specifically after the Plaintiff was handcuffed the Defendant police officer Richard Medina reached inside the Plaintiff's pants and underwear and grabbed the Plaintiff by his testicles and began to violently squeeze. The Plaintiff was thrown to the ground at this time which caused a severe laceration to the Plaintiff's scrotum resulting in profuse bleeding and pain. The

Defendant was treated at Boston Medical Center for his injuries and received nine (9) stitches in his genitalia.  The Defendants' actions are in violation of the Constitutional and statutory rights of the Plaintiff.  Compensatory and punitive damages are sought against the Defendant police officers involved in the brutality for Plaintiff's personal injuries, pain, and suffering and also the violations of Plaintiff's civil rights under the Federal Civil Rights Statutes and the Massachusetts Civil Rights Statutes. TRIAL BY JURY IS DEMANDED.

## I.      JURISDICTION AND VENUE

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

3.      This Court has jurisdiction of the causes of action under 28 U.S.C. §§ 1331, 1343, and 1367.

4.      Venue is proper under 28 U.S.C. § 1391 in that the Defendants and Plaintiff reside and the cause of action arises in the District of Massachusetts.

## II.      PARTIES

5.      The Plaintiff, Theron White (hereinafter the "Plaintiff") is a 20 year old individual who is a resident of Suffolk County and resides in Roxbury, Massachusetts.

6.      The Defendant, Joseph Gallarelli (hereinafter "Defendant") is a sergeant employed by the City of Boston, Massachusetts with a usual place of business of Boston Police Department, District B-2, 135 Dudley Street, Roxbury, Massachusetts and for all times material to this Complaint, was a duly  appointed sergeant employed by Boston Police Department and continues to be so employed.  The Defendant's actions alleged in this Complaint were taken under the color of law of the Commonwealth of Massachusetts and the City of Boston. Defendant Gallarelli is being sued in his individual capacity.

7.      The Defendant, Dario Fancelli (hereinafter "Defendant") is an adult police officer employed by the City of Boston, Massachusetts with a usual place of business of Boston

Police Department, District B-2, 135 Dudley Street, Roxbury, Massachusetts and for all times material to this Complaint, was a duly appointed police officer employed by the Boston Police Department and continues to be so employed.  The Defendant's actions alleged in this Complaint were taken under the color of law of the Commonwealth of Massachusetts and the City of Boston. Defendant Fancelli is being sued in his individual capacity.

8.      The Defendant, Richard L. Medina (hereinafter "Defendant") is an adult police officer employed by the City of Boston, Massachusetts with a usual place of business of Boston Police Department, District B-2, 135 Dudley Street, Roxbury, Massachusetts and for all times material to this Complaint, was a duly appointed police officer employed by the Boston Police Department and continues to be so employed.  The Defendant's actions alleged in this Complaint were taken under the color of law of the Commonwealth of Massachusetts and the City of Boston. Defendant Medina is being sued in his individual capacity.

9.      The Defendants, John Does (hereinafter "Defendant") are adult police officers employed by the City of Boston, Massachusetts with a usual place of business of Boston Police Department, District B-2, 135 Dudley Street, Roxbury, Massachusetts and for all times material to this Complaint, were duly appointed police officers employed by the Boston Police Department and continue to be so employed.  The Defendants' actions alleged in this Complaint were taken under the color of law of the Commonwealth of Massachusetts and the City of Boston. Defendants are being sued in their individual capacities.

### III.   FACTS

10.     On January 12, 2009, the Plaintiff was at the Jeremiah E. Burke High School in Dorchester, Massachusetts for a school basketball game. The Plaintiff was the scoreboard operator for the boys and girls junior varsity and varsity basketball teams at Jeremiah E. Burke High School.

11.      At approximately 5:40 PM the Plaintiff was approached by several individuals whom did not attend Jeremiah E. Burke High School and were known to the Plaintiff as gang members.  These individuals demanded the Plaintiff hand over his gold bracelet.

12.      The Plaintiff refused and a disruption transpired among students, involving the Plaintiff.  During the disruption the Plaintiff ran and exited the gymnasium toward Geneva Avenue, Dorchester, MA.

13.      There was an on-duty Boston police officer at the high school who called for assistance during this disruption.  The Defendants responded to this call.

14.      As the Defendants arrived at the High School they saw the Plaintiff exit the high school and physically stopped the Plaintiff.

15.      The Defendants immediately grabbed the Plaintiff and used aggressive physical force pushing him violently against the wall.

16.      The Defendants handcuffed and searched the Plaintiff.   After the handcuffing and during the search of the Plaintiff each of the Defendants began to yell, swear and intimidate the Plaintiff.

17.      The Defendant, Medina then reached inside the Plaintiff's pants and underwear and grabbed the Plaintiff by his testicles.  The Defendant, Medina began to scream profanities at the Plaintiff in an aggressive and intimidating manner. The Defendant, Medina then squeezed the Plaintiff's testicles with extreme force causing the Plaintiff tremendous pain.

18.      While the Defendant, Medina squeezed the Plaintiff's testicles the Defendants, acting in concert, violently threw the Plaintiff to the ground. The excessive force used in grabbing the Plaintiff's testicles while being thrown to the ground caused a severe laceration on the Plaintiff's scrotum.

19.     While the Plaintiff lay handcuffed and helpless on the ground the Plaintiff was punched, kicked and beaten by the Defendants.

20.     Despite a duty and opportunity to do so, the Defendant officers present at the scene took no action to prevent the unwarranted and unreasonable force used by the Boston police officers.

21.     The Plaintiff suffered severe injuries, including, numerous abrasions and lacerations to his face and body, which required medical attention.  The Plaintiff's underwear was torn and he was bleeding profusely from his testicles.

22.     The Plaintiff was transported to the Boston Police Department Area B-2.  While at the police station the Plaintiff was in extreme pain and severely bleeding.  The blood soaked his clothes.

23.      The Boston Emergency Medical Service (EMS) was called to Area B-2 due to the Plaintiff's injuries.  The Boston EMS arrived at the Boston Police Department Area B-2, evaluated the Plaintiff and transported the Plaintiff to Boston Medical Center by ambulance due to the severe bleeding and other injuries for medical treatment.

24.     The Plaintiff sustained serious injuries to his body, including, but not limited to, nine (9) stitches in his scrotum and permanent disfigurement to his face as a result of the Defendants' actions.

## IV.     CAUSES OF ACTION

### COUNT I

#### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

25.     The Plaintiff restates and incorporates herein by reference allegations 1 through 24 as though specifically set forth herein.

26.     Defendants, at all times material hereto, were acting within their capacities as police officers and thus under the color of law.

27.     Defendants' actions were intentional, reckless and callously indifferent to the Plaintiff's federally protected rights. Defendants deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Specifically, the force utilized by Defendant was excessive and, thus, constituted an unreasonable seizure of Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

28.     The Defendants' actions also constituted an unlawful deprivation of Plaintiff's liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

29.      Defendants' acts were the proximate cause of the physical and emotional injuries and consequent damages sustained by the Plaintiff.

30.     The Plaintiff has been severely damaged by the violation of his civil rights and hereby claims actual as well as punitive and statutory damages, attorney's fees, costs and expenses.

31.     WHEREFORE the Plaintiff demands as follows:

   a.     Judgment enter in favor of the Plaintiff;

   b.     An award of damages for Plaintiff's pain and suffering as determined by the Court;

   c.     An award of punitive damages pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's federally protected constitutional rights as determined by the Court;

   d.     An award of interest, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

   e.     Such other and further relief as this Court deems meet and just.

## COUNT II

### FEDERAL CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)
### FAILURE TO INTERVENE AND/OR REPORT MISCONDUCT

32.     The Plaintiff restates and incorporates herein by reference allegations 1 through 31 as though specifically set forth herein.

33.     On January 12, 2009 Defendant Gallarelli, Defendant Fancelli, and John Doe Defendants witnessed the Defendant Medina beat and otherwise use excessive force upon the Plaintiff.

34.     The Defendant Gallarelli, Defendant Fancelli, and John Doe Defendants each failed to intervene to stop Defendant Medina from assaulting, beating and using excessive force against Plaintiff.

35.     Notwithstanding their observations of the use of excessive force on the part of the Defendant, Medina, the Defendant Gallarelli, Defendant Fancelli, and John Doe Defendants either acting alone or in concert with one another, covered up the misconduct of Defendant, Medina by failing to report the same.

36.     As the direct and proximate result of the intentional, deliberately indifferent and/or gross negligent conduct of the Defendant Gallarelli, Defendant Fancelli, and John Doe Defendants, Plaintiff has been deprived of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Sixth and due process rights under the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, has suffered serious physical injuries, and incurred financial losses.

37.     WHEREFORE the Plaintiff demands as follows:

a.      Judgment enter in favor of the Plaintiff;

b.      An award of damages for Plaintiff's pain and suffering as determined by the Court;

     c.       An award of punitive damages pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's federally protected constitutional rights as determine by the Court;

     d.       An award of interest, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

     e.       Such other and further relief as this Court deems meet and just.

## COUNT III

### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT (M.G.L. c. 12, § § 11H AND 11I)

38.     The Plaintiff restates and incorporates herein by reference allegations 1 through 37 as though specifically set forth herein.

39.     Plaintiff's exercise and enjoyment of his Fourth and Fourteenth Amendment rights secured by the Constitution of the United States and his civil rights secured by the Commonwealth of Massachusetts have been interfered with and attempted to be interfered with by Defendants.

40.     Defendants' interference with Plaintiff's constitutionally protected rights was carried out by threats and intimidation.

41.     WHEREFORE the Plaintiff demands as follows:

     a.       Judgment enter in favor of the Plaintiff;

     b.       An award of compensatory monetary damages under M.G.L. c. 12, § 11I as determined by the Court;

     c.       An award of interest, costs, and reasonable attorney's fees; and

     e.       Such other and further relief as this Court deems meet and just.

## COUNT IV

### ASSAULT

42.     The Plaintiff restates and incorporates herein by reference allegations 1 through 41 as though specifically set forth herein.

43.     Defendants intentionally threatened to cause harm to the person of Plaintiff.

44.     Defendants had the present ability to cause Plaintiff harm.

45.     As a result of Defendants' threat Plaintiff was put in reasonable fear of imminent bodily harm.

46.     As a result of being assaulted by Defendants, Plaintiff has been severely damaged as to his expenses, humiliation, indignity, and injury to his person and emotions.

47.     WHEREFORE the Plaintiff demands as follows:

   a.      Judgment enter in favor of the Plaintiff;

   b.      An award of damages for assault as determined by the Court;

   c.       An award of interest, costs, and reasonable attorney's fees; and

   e.      Such other and further relief as this Court deems meet and just.

## COUNT V

### BATTERY

48.     The Plaintiff restates and incorporates herein by reference allegations 1 through 47 as though specifically set forth herein.

49.     Defendants intended a harmful unpermitted contact with Plaintiff and intended to put Plaintiff in fear of such contact.

50.     Defendants did make a harmful unpermitted contact with the person of Plaintiff.

51.    As a result of being battered by Defendants, Plaintiff has been severely damaged as to his expenses, humiliation, indignity, and injury to his person and emotions.

52.    WHEREFORE the Plaintiff demands as follows:

      a.      Judgment enter in favor of the Plaintiff;

      b.      An award of damages for battery as determined by the Court;

      c.      An award of interest, costs, and reasonable attorney's fees; and

      e.      Such other and further relief as this Court deems meet and just.

## V.    CLAIMS FOR RELIEF

53.    Plaintiff requests that this Court assume jurisdiction over this cause, grant him compensatory and punitive damages, costs and attorney's fees, and award all other proper relief.

## VI.    JURY TRIAL DEMAND

55.    Plaintiff hereby demands trial by jury.

Respectfully Submitted:
Plaintiff, Theron White
By His Attorneys:

*/s/ Joseph M. Mahaney, Esq.*                          */s/ Charles S. Pappas, Esq.*
_____                _____
Joseph M. Mahaney, Esq.                                Charles S. Pappas, Esq.
BBO# 549042                                                  BBO# 663281
McLaughlin, Richards, Mahaney, Biller           Law Offices of Charles S. Pappas
& Woodyshek, LLP                                         2 Pleasant Street
2 Pleasant Street                                             S. Natick, MA 01760
S. Natick, MA 01760                                       Tel: (508) 652-8000
Tel: (508) 651-1000


Date:   February 11, 2011