UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10234-DPW

THERON WHITE

v.

JOSEPH GALLARELLI A SERGEANT OF THE CITY OF BOSTON AND INDIVIDUALLY, DARIO FANCELLI A POLICE OFFICER OF THE CITY OF BOSTON AND INDIVIDUALLY, RICHARD L. MEDINA A POLICE OFFICER OF THE CITY OF BOSTON AND INDIVIDUALLY, JOHN DOES POLICE OFFICERS OF THE CITY OF BOSTON AND INDIVIDUALLY
    Defendants

## ANSWER OF DEFENDANT RICHARD L. MEDINA ("MEDINA") TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1. The first paragraph of the Introduction section of the complaint is introductory in nature and does not require an answer from Defendant Richard L. Medina (hereinafter, "Defendant" or "Medina"). The Defendant denies the allegations contained in this paragraph to the extent that they do allege facts or claims which pertain to him.

### I. JURISDICTION AND VENUE

2. Paragraph 2 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

3. Paragraph 3 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

4. Paragraph 4 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

## II.   PARTIES

5. Medina is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained within paragraph 5 and therefore neither admits, nor denies these allegations.

6. Paragraph 6 does not allege any facts which pertain to Medina; therefore, this paragraph does not require a response from Medina.

7. Paragraph 7 does not allege any facts which pertain to Medina; therefore, this paragraph does not require a response from Medina.

8. Medina admits the allegations contained in paragraph 8 to the extent that they assert that he is a police officer employed by the City of Boston with its usual place of business at the Boston Police Department. Paragraph 8 states only a legal conclusion with respect to whether Medina was acting under color of state law, and therefore, does not require an answer. Medina admits the allegations contained in paragraph 8 to the extent that they assert he is being sued in his individual capacity. Medina denies the remaining factual allegations contained in paragraph 8.

9. Paragraph 9 does not allege any facts which pertain to Medina; therefore, this paragraph does not require a response from Medina.

### III.   FACTS

10. Medina is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained within paragraph 10 and therefore neither admits, nor denies these allegations.

11. Medina is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained within paragraph 11 and therefore neither admits, nor denies these allegations.

12. Medina is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained within paragraph 12 and therefore neither admits, nor denies these allegations.

13. Medina admits the allegations contained in paragraph 13 to the extent that they assert that he responded to a call.  Medina is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained within paragraph 13 and therefore neither admits, nor denies these allegations.

14. Medina denies the allegations contained in paragraph 14 to the extent that they assert facts or claims which pertain to him.

15. Medina denies the allegations contained in paragraph 15 to the extent that they assert facts or claims which pertain to him.

16. Medina denies the allegations contained in paragraph 16 to the extent that they assert facts or claims which pertain to him.

17. Medina denies the allegations contained in paragraph 17.

18. Medina denies the allegations contained in paragraph 18 to the extent that they assert facts or claims which pertain to him.

19. Medina denies the allegations contained in paragraph 19 to the extent that they assert facts or claims which pertain to him.

20. Medina denies the allegations contained in paragraph 20 to the extent that they assert facts or claims which pertain to him.

21. Medina denies the allegations contained in paragraph 21.

22. Medina is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained within paragraph 22 and therefore neither admits, nor denies these allegations.

23. Medina admits the allegations contained in paragraph 23 to the extent that they assert EMS was called to Area B-2. Medina is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained within paragraph 23 and therefore neither admits, nor denies these allegations.

24. Medina denies the allegations contained in paragraph 24.

### IV.   CAUSES OF ACTION

### COUNT I

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

25. Medina hereby repeats and incorporates herein his answers to paragraphs 1-24.

26. Paragraph 26 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

27. Medina denies the allegations contained in paragraph 27 to the extent that they assert facts or claims which pertain to him.

28. Medina denies the allegations contained in paragraph 28 to the extent that they assert facts or claims which pertain to him.

29. Medina denies the allegations contained in paragraph 29 to the extent that they assert facts or claims which pertain to him.

30. Medina denies the allegations contained in paragraph 30.

31. Paragraph 31 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

## COUNT II

### FEDERAL CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983) FAILURE TO INTERVENE AND/OR REPORT MISCONDUCT

32. Medina hereby repeats and incorporates herein his answers to paragraphs 1-31.

33. Paragraph 33 does not allege any facts which pertain to Medina; therefore, this paragraph does not require a response from Medina.

34. Paragraph 34 does not allege any facts which pertain to Medina; therefore, this paragraph does not require a response from Medina.

35. Medina denies the allegations contained in paragraph 35 to the extent that they assert facts or claims which pertain to him. The remainder of paragraph 35 does not allege any facts which pertain to Medina; therefore, the remainder of the paragraph does not require a response from Medina.

36. Paragraph 36 does not allege any facts which pertain to Medina; therefore, this paragraph does not require a response from Medina.

37. Paragraph 37 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

## COUNT III

### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
### (M.G.L. c. 12, §§ 11H and 11I)

38. Medina hereby repeats and incorporates herein his answers to paragraphs 1-37.

39. Medina denies the allegations contained in paragraph 39 to the extent that they assert facts or claims which pertain to him.

40. Medina denies the allegations contained in paragraph 40 to the extent that they assert facts or claims which pertain to him.

41. Paragraph 41 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

## COUNT IV

### ASSAULT

42. Medina hereby repeats and incorporates herein his answers to paragraphs 1-41.

43. Medina denies the allegations contained in paragraph 43 to the extent that they assert facts or claims which pertain to him.

44. Medina denies the allegations contained in paragraph 44 to the extent that they assert facts or claims which pertain to him.

45. Medina denies the allegations contained in paragraph 45 to the extent that they assert facts or claims which pertain to him.

46. Medina denies the allegations contained in paragraph 46 to the extent that they assert facts or claims which pertain to him.

47. Paragraph 47 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

## COUNT V

## BATTERY

48. Medina hereby repeats and incorporates herein his answers to paragraphs 1-47.

49. Medina denies the allegations contained in paragraph 49 to the extent that they assert facts or claims which pertain to him.

50. Medina denies the allegations contained in paragraph 50 to the extent that they assert facts or claims which pertain to him.

51. Medina denies the allegations contained in paragraph 51.

52. Paragraph 52 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

## V.   CLAIMS FOR RELIEF

53. Paragraph 53 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

## VI.   JURY TRIAL DEMAND

55. [Sic]  Paragraph 55 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

None of the Defendant's acts or omissions was a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff. Nor were these alleged injuries or damages caused by any person or entity within the Defendant's responsibility or control.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit because his actions are protected by the doctrine of qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant, at all times, acted in good faith upon reasonable belief and that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and/or the statute of limitations.

### **DEMAND FOR JURY TRIAL**

The Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT, Richard L. Medina,
By his attorneys:

WILLIAM F. SINNOTT,
Corporation Counsel

/s/ Dawn M. Beauchesne
/s/ Evan C. Ouellette

> Dawn Beauchesne, BBO #661669
> Evan C. Ouelette, BBO# 655934
> Assistant Corporation Counsels
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> (617) 635-4023 (Beauchesne)
> (617) 635-4048 (Ouellette)

Dated: June 8, 2011

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

> /s/  Dawn M. Beauchesne
> Dawn M. Beauchesne