UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10234-DPW

**THERON WHITE**

**v.**

**JOSEPH GALLARELLI A SERGEANT
OF THE CITY OF BOSTON AND
INDIVIDUALLY, DARIO FANCELLI A
POLICE OFFICER OF THE CITY OF
BOSTON AND INDIVIDUALLY,
RICHARD L. MEDINA A POLICE
OFFICER OF THE CITY OF BOSTON
AND INDIVIDUALLY, JOHN DOES
POLICE OFFICERS OF THE CITY OF
BOSTON AND INDIVIDUALLY
Defendants**

## JOINT PROTECTIVE ORDER

1.      With respect to the documents that will hereinafter be produced through discovery, the party producing such documents may identify such documents as being Confidential Information. Documents containing such confidential information shall be clearly marked "CONFIDENTIAL."[1]  Any party may challenge any other party's designation of a document as Confidential Information upon motion to the Court. Until the Court rules on such motion, the party challenging the designation shall treat it as Confidential Information as provided in this Protective Order. Upon request by the challenging party, the party designating adDocument as Confidential Information will add an appendix to the document production with an explanation of the reasons as to why each document or group of documents is being marked or has been as confidential.

---

[1] A party identifying a group of documents as Confidential Information need not mark each page within the group, but may instead make a collective designation by: (1) marking the initial page, including reference to the total number of pages to be identified thereby as Confidential Information; and, (2) describing the group of documents so identified within the appendix created pursuant to Paragraph 1 (again including reference to the total number of pages comprising the group of documents so identified).

2.     For the purposes of this case, information designated as Confidential Information by the Defendants (hereinafter "The Defendants") shall include information which is sensitive information generally unavailable to the public, not readily determinable from other sources, and treated as confidential by Defendants by reasons of privacy rights. Confidential information in will include, but is not limited to: Boston Police Department personnel and employment files, any and all Internal Affairs files and investigations conducted by the Internal Affairs Division of the Boston Police Department, any and all medical records of any employee of the Boston Police Department or City of Boston, any records relating to any personal, financial, medical history of any employee of the Boston Police Department or City of Boston; and any records relating to or disciplinary history of any employee of the Boston Police Department or City of Boston.

3.     As to the Confidential Information produced or revealed pursuant to Paragraphs 1 and 2, the parties and their attorneys shall use such Confidential Information only for purposes of this litigation and any administrative proceeding dealing with the same incident or occurrence, and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

(i)     The Court under seal pursuant to the Court's granting of a Motion for Impoundment;[2]

(ii)    Attorneys of record for the parties, including all co-counsel for the plaintiffs and defendants, their investigators, consultants, independent contractors, witnesses, employees directly assisting said attorneys of record and the parties;

(iii)E   xperts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential, is to be held in confidence, and is to be used solely for the purpose of preparing for and

---

[2] The motion for impoundment will, with respect to a matter which is sought to be impounded (i) set forth a description, in general terms, of the confidential materials for which impoundment is sought and a short statement setting forth the reasons justifying impoundment and will (ii) be accompanied by (a) a redacted version of the document or item containing the confidential materials, to be placed in the court's public files, and (b) an unredacted version of the document or item containing materials, marked or highlighted to indicate clearly the portions for which impoundment is sought.

2

presenting evidence in this litigation or administrative proceeding and further that these restrictions are imposed by a court order.

4.      Each of the persons referred to in Paragraph 3(ii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

5.      Each of the experts referred to in Paragraph 2(iii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree, in writing, to be bound by the terms of the Order. Said writing shall be held in the possession of the expert and/or counsel.

6.      The attorneys for the parties, their investigators, consultants, independent contractors and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case or administrative proceeding.

7.      Confidential Information may be exhibited to deposition witnesses during their depositions and they may be questioned with respect to such Confidential Information during depositions; provided that, to the extent that the testimony given in any deposition or transcript thereof or any exhibits thereto incorporate, cite or reveal the content of any document which has been marked as confidential, this testimony, transcript thereof, and any exhibits thereto shall be treated in the same manner as the Confidential Information itself and shall be subject to the restrictions on disclosure set forth in Paragraph 3 through 6.

8.      Subject to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be available for use at trial or in any related administrative proceeding by any party. Should a party wish to use Confidential Information in motion practice, this party must move the court for permission to file said Confidential Information under seal.[3]

---

[3] Per the procedure defined in footnote 2 and in accordance with Local Rule 7.2.

3

9.      By signing this Protective Order the parties and their counsel specifically agree that any claim of privilege, confidentiality or admissibility into evidence is not waived or otherwise compromised.

10.     Upon final termination of the above-entitled action whether by verdict, settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts and others, including stenographers, unless the document becomes part of the public record at trial.  Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall be returned to the producing party upon their request within sixty (60) days.

11.     This Order may be modified by further order of this Court upon application to the Court with notice.

12.     If a party seeks to establish that documents or information (or categories of documents or information) designated as confidential, previously or in the future, are not entitled to such status and protection, he shall inform opposing counsel of the basis of his objection.  Within ten days thereafter, if the parties cannot resolve the dispute, the party opposing such designation shall bring the matter to the Court for resolution.  The party designating the documents as confidential will bear the burden of establishing that a protective order concerning such documents or information is appropriate.  See *Anderson v. Cryovac*, 805 F.2d 1 (1st Cir. 1986).

HON. DOUGLAS P. WOODLOCK
UNITED STATES JUDGE
DISTRICT OF MASSACHUSETTS

August 19, 2011

4